IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 22-221 |
| | : | |
| EUDDY IZQUIERDO | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                             **October 9, 2024**

      On June 18, 2024, a jury convicted Defendant Euddy Izquierdo of drug and firearms offenses. Izquierdo now moves for a judgment of acquittal or a new trial under Federal Rules of Criminal Procedure 29 and 33 on the two firearms charges—Counts Three and Four. He argues there is insufficient evidence he possessed a firearm or did so in furtherance of a drug trafficking crime. Because the evidence presented at trial was sufficient to support the jury's verdict, the Court finds Izquierdo is not entitled to a judgment of acquittal or a new trial. The motion will be denied.

**BACKGROUND**

      On July 6, 2022, a grand jury returned a four-count indictment charging Izquierdo with: (1) possession with intent to distribute para-fluorofentanyl, fentanyl, heroin, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C) (Count One); (2) maintaining a drug-involved premise, in violation of 21 U.S.C. § 856(a)(2) (Count Two); (3) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). On June 18, 2024, following a two-day trial, a jury convicted Izquierdo on all Counts.

      After close of the Government's case, Izquierdo made an oral motion for judgment of acquittal under Rule 29, asserting the Government produced insufficient evidence to support a

conviction. N.T. 6/18/24 at 48. Following the jury's verdict, Izquierdo has again moved under Rules 29 and 33 for a judgment of acquittal and/or a new trial, challenging the sufficiency of the evidence on Counts Three and Four and alleging his conviction on those Counts was a "miscarriage of justice." *United States v. Davis*, 397 F.3d 173, 181 (3d Cir. 2005).

**LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 29, a court must enter a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In evaluating a sufficiency of the evidence challenge pursuant to Rule 29, a district court must "review the record in the light most favorable to the [Government] to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (quoting *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001)). The Court may not weigh the evidence or credibility of witnesses. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). Instead, it "must uphold the jury's verdict unless no reasonable juror could accept the evidence as sufficient to support the defendant's guilt beyond a reasonable doubt." *United States v. Fattah*, 914 F.3d 112, 183 (3d Cir. 2019).

In contrast, when determining whether a new trial is warranted pursuant to Rule 33 on the ground that the jury's verdict is contrary to the weight of the evidence, the Court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). "Although the standard of review for a motion for a new trial is broader than that for acquittal, motions for new trials are disfavored and are only granted with great caution and at the discretion of the trial court." *United States v. Crim*, 561 F. Supp. 2d 530, 533 (E.D. Pa. 2008) (citing *United States v. Martinez*,

69 F. App'x 513, 516 (3d Cir. 2003)). The Court can order a new trial on this basis "only if it believes that 'there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Johnson*, 302 F.3d at 150 (citations and internal quotation marks omitted).

**DISCUSSION**

Izquierdo challenges his conviction on Counts Three and Four under Rule 29 and Rule 33. He claims the Government produced insufficient evidence that he possessed a gun and possessed it in furtherance of a drug trafficking crime because: (a) there was no testimony that law enforcement saw him with a gun; (b) his statement to law enforcement indicated the gun was a gift; and (c) there was no testimony of his need for a gun to further his drug trafficking scheme. Def.'s Mot. at 5-6, ECF No. 90 (ECF Pagination). The Court considers the evidence supporting Counts Three and Four to determine whether there was a sufficient basis for a rational factfinder to convict Izquierdo, or whether the conviction is against the weight of the evidence.

Possession of a gun can be actual or constructive. *Henderson v. United States*, 575 U.S. 622, 626 (2015). A defendant is in constructive possession of a gun if he "knowingly has both the power and the intention at a given time to exercise dominion or control over [it], either directly or through another person or persons." *United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999) (citations omitted). There must be a clear link between the defendant and the firearm. *See, e.g.*, *United States v. Sample*, 813 F. App'x 814, 818 (3d Cir. 2020) (defendant had constructive possession of ammunition where defendant was the only person with access to the home where ammunition was found in plain sight); *United States v. Bellinger*, 461 F. Supp. 2d 339, 347 (E.D. Pa. 2006) (defendant had constructive possession of gun where it was found in a location "not easily accessible to other persons").

There is a mountain of circumstantial evidence to support Izquierdo's constructive possession of the gun in this case. The jury heard testimony that: (1) Izquierdo told law enforcement the gun was inside his apartment before they searched it, N.T. 6/17/24 at 101; (2) Izquierdo was the only person with access to the apartment, *id*. at 171; (3) the gun was in plain view inside the apartment, *id*. at 148-49; and (4) Izquierdo received the gun as a gift from his son-in-law, *id*. at 171, 181. Along with this testimony, the jury saw photographs of the gun in plain view inside Izquierdo's apartment. *See* Gov't Exs. 8a-f. Accordingly, because the evidence supports a finding that Izquierdo possessed a firearm, his Rule 29 motion on Count Three will be denied.

Section 924(c)(1)(A) may be violated "through the constructive possession of a firearm." *United States v. Walker*, 657 F.3d 160, 172 (3d Cir. 2011). To obtain a conviction under this statute, the Government must also show the possession of a firearm "advanced or helped forward a drug trafficking crime." *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). To determine whether the Government met its burden, there are eight relevant non-exclusive factors a court must analyze: "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id*.

There is sufficient evidence to support Izquierdo's conviction for possession of a firearm in furtherance of a drug trafficking crime. First, Izquierdo does not contest his convictions for using the apartment as a "drug house" (Count Two) or possessing all the drugs found in the apartment (Count One). *See* Def.'s Mot., ECF No. 90. Second, the jury heard testimony the gun was found right next to the drugs on the living room table. N.T. 6/17/24 at 148-49. Third, the jury

saw photographs corroborating the location of the gun in relation to the drugs. *Id.*; *see* Gov't Exs. 8a-f. Fourth, the gun was loaded "with one round in the chamber." N.T. 6/17/24 at 143. Fifth, as discussed above, Izquierdo was not in lawful possession of the gun as a convicted felon. Finally, the jury heard expert testimony the "weapon in this atmosphere on [the] table" was a "part of [Izquierdo's] manufacturing and distribution process." N.T. 6/18/24 at 33. Such evidence, viewed in light most favorable to the Government, is sufficient to support the jury's conviction. *See, e.g.*, *United States v. Carey*, 72 F.4th 521, 530 (3d Cir. 2023) (finding sufficient evidence to support a § 924(c) conviction where loaded gun was recovered "near [defendant's] bed, close to his drugs and drug-trafficking paraphernalia"); *United States v. Iglesias*, 535 F.3d 150, 157 (3d Cir. 2008) (finding sufficient evidence to support a § 924(c) conviction due to "the proximity of the loaded magazine to the gun—and considering that the gun, magazine, and drug packaging paraphernalia all were stored together in the briefcase that was found in the same room as [the drugs]"). Because the evidence supports a conviction of possession in furtherance of a drug trafficking crime, Izquierdo's Rule 29 motion on Count Four will also be denied.

Izquierdo also claims a new trial is required pursuant to Rule 33. However, this is not an "exceptional case" where a new trial is warranted. *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987). As discussed above, the weight of evidence presented at trial supports Izquierdo's conviction. Further, because the "arguments regarding the denial of his new trial motion essentially rehash those presented in support of his insufficiency of the evidence claim," there is no reason to believe that a "miscarriage of justice" occurred. *United States v. Shaker*, 827 F. App'x 204, 208 (3d Cir. 2020) (quoting *Johnson*, 302 F.3d at 150). Izquierdo's motion under Rule 33 will be denied.

**CONCLUSION**

In sum, the Government presented sufficient evidence from which a reasonable jury could convict Izquierdo on Counts Three and Four. No miscarriage of justice has occurred. The Court will therefore deny Izquierdo's motion for judgment of acquittal or a new trial.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.